Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorneys for BSI Financial Services as servicer for U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------X

| | : | |
|---|---|---|
| IN RE: | : | CASE NO.: 17-21126-MBK |
| | : | |
| Paul J. Whitenight and Lynn M. Whitenight, | : | CHAPTER: 13 |
| | : | |
| Debtors | : | HON. JUDGE.: |
| | : | Michael B. Kaplan |
| | : | |
| | : | HEARING DATE: |
| | : | August 4, 2020 at 9:00 a.m. |

----------------------------------------------------------------X

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY REGARDING REAL PROPERTY

BSI Financial Services as servicer for U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust, ("Movant") hereby moves this Court, pursuant to 11 U.S.C. 362(d), for relief from the automatic stay with respect to certain real property of the Debtors having an address of 116 South 21st Street, Manville, NJ 08835, (the "Property"), and modifying and terminating the Co-Debtor stay in effect pursuant to 11 U.S.C. 1301(a) for all purposes allowed by law, the Note (defined below), the Mortgage (defined below), and applicable law. In support of this Motion, Movant respectfully states:

### FACTUAL HISTORY

1. A Petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtors on May 30, 2017.

2. The Movant is a secured creditor of the Debtors pursuant to a Note executed by the Debtors in the original principal amount of $260,000.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit A**.

3. Pursuant to the certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtors and Ira Whitenight (the "Co-Borrower") under and with respect to the Note and Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as **Exhibit B**.

4. The Debtors entered into a Loan Modification Agreement (the "Loan Modification Agreement") effective March 1, 2015, which created a new principal balance in the amount of $303,186.80 with $10,856.80 being deferred. A copy of the Loan Modification Agreement is attached hereto as **Exhibit C**.

5. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of Mortgage, a copy of which is attached hereto as **Exhibit D**.

6. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $850.00 in legal fees and $181.00 in filing costs.

## LEGAL ARGUMENT

7. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

8. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. In Re Michael Lancelot Taylor, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

9. As is shown in attached **Exhibit E**, Certification RE Post-Petition Payment History the Debtors are in post-petition default for a total of $10,527.76.

10. Furthermore, Movant will be irreparably harmed by the continuation of the co-debtor stay absent payments from the debtor/ or co-debtor. Therefore, the co-debtor stay should

be modified pursuant to 11 U.S.C. 1301(c)(3) and Movant should be permitted to proceed against the co-debtor.

11. Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the automatic stay imposed under Section 362(a) and Section 1301 of the Bankruptcy Code be modified and terminated for cause in accordance with section 362(d) of the Bankruptcy Code to permit Movant to pursue their rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

12. Oral argument is waived.

**WHEREFORE**, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by law, the Note, the Mortgage and applicable law, including but not limited to allowing Movant and any successor or assigns to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. Modifying and terminating the Co-Debtor stay in effect pursuant to 11 U.S.C. 1301(a).

3. That the Order be binding and effective despite any conversion of this bankruptcy case to another case under any other chapter of Title 11 of the United States Code.

4. For such other relief as the Court deems proper.

Dated: New York, NY
July 1, 2020

By: /s/ Jonathan Schwalb
Jonathan Schwalb, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for BSI Financial Services as servicer for U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust
85 Broad Street, Suite 501
New York, New York 10004
T: (212) 471-5100
F: (212) 471-5150