# Exhibit C

Investor Account # ▮

**When Recorded Return To:**
Green Tree Servicing LLC
7360 South Kyrene Road
Tempe, AZ 85283

This document was prepared by Green Tree Servicing LLC

_____ [SPACE ABOVE THIS LINE FOR RECORDING DATA] _____

# LOAN MODIFICATION AGREEMENT

**THIS INFORMATIONAL NOTICE IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE CURRENTLY IN BANKRUPTCY OR YOUR ACCOUNT WAS DISCHARGED IN BANKRUPTCY WITHOUT A REAFFIRMATION, THE SERVICER IS NOT ATTEMPTING TO COLLECT OR RECOVER THE DEBT AS YOUR PERSONAL LIABILITY.**

This Loan Modification Agreement ("Agreement"), made this 17th day of February, 2015, between LYNN WHITENIGHT and PAUL WHITENIGHT ("Customer") and Green Tree Servicing LLC ("Lender"), amends and supplements 1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated 03/10/2006 and recorded in Book or Liber 5869, at page(s) 2895-2911, and/or Document# N/A of the BRETT A RADI Records of SOMERSET and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

116 S 21ST ST
MANVILLE, NJ 08835

the real property described in the above-referenced Security Instrument.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 03/01/2015, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. $303,186.80 consisting of the unpaid amount(s) loaned to Customer by Lender plus any interest and other amounts capitalized.

2. $10,856.80 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Customer will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $292,330.00. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of 4.50000%, from 03/01/2015. Customer promises to make monthly payments of principal and interest of U.S. $1,314.21, beginning on the 04/01/2015, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of 4.50000% will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new monthly payment amount does not include any amounts owed for escrow. Customer may refer to the monthly billing statement for the escrow amount owed. The new Maturity Date will be 03/01/2055. Customer's payment schedule for the modified Loan is as follows:



LOAN MODIFICATION AGREEMENT -Single Family- Fannie Mae UNIFORM INSTRUMENT

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 4.500% | 03/01/2015 | $1,314.21 | $726.37 adjusts annually after year 1 | $2,040.58 adjusts annually after year 1 | 04/01/2015 | 480 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

3. Customer agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Customer sells or transfers an interest in the Property, (ii) the date Customer pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If Customer makes a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Customer is not a natural person and a beneficial interest in Customer is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Customer notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Customer must pay all sums secured by the Security Instrument. If Customer fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Customer.

Customer understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Customer's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Customer and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Customer acknowledges that Lender is required to report any debt forgiveness to the Internal Revenue Service which may result in consequences regarding Customer's federal, state or local tax liability. In addition, Customer understands that if Customer receives public assistance, the forgiveness of debt may affect Customer's eligibility for these benefits. Customer acknowledges that Lender cannot provide any advice or guidance regarding possible tax consequences or effect on any public assistance benefits. Customer further acknowledges that Lender has advised that Customer may wish to consult with a tax professional about any possible tax consequences and/or their public assistance office regarding other consequences that may result from the forgiveness of debt.

(f) Customer agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Customer.

(g) Customer authorizes Lender, and Lender's successors and assigns, to share certain Customer public and non-public personal information including, but not limited to (i) name, address, telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, and (v) payment history and information about Customer's account balances and activity, with an authorized third Agency or similar entity that is assisting Customer in connection with obtaining a foreclosure prevention alternative, including the trial period plan to modify Customer's account ("Authorized Third Party").

Customer understands and consents to Lender or Authorized Third Party, as well as Fannie Mae (the owner of Customer's account), disclosing such personal information and the terms of any relief or foreclosure prevention alternative, including the terms of the trial period plan to modify Customer's account, to any insurer, guarantor, or servicer that insures, guarantees, or services Customer's account or any other mortgage account secured by the Property on which Customer is obligated, or to any companies that perform support services to them in connection with the account or any other mortgage account secured by the Property on which Customer is obligated.

Customer consents to being contacted by Fannie Mae, Lender or Authorized Third Party concerning mortgage assistance relating to Customer's account.

6. By this paragraph, Lender is notifying customer that any prior waiver by Lender of Customer's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Customer has been advised of amount needed to fund the escrow items.

Customer will pay to Lender on the day payments are due under the Account Documents as amended by this Agreement, until the Account is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Account Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Account Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Customer shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Customer shall pay Lender the Funds for Escrow Items unless Lender waives Customer's obligation to pay the Funds for any or all Escrow Items. Lender may waive Customer's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Customer shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Customer's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Account Documents; as the phrase "covenant and agreement" is used in the Account Documents. If Customer is obligated to pay Escrow Items directly, pursuant to a waiver, and Customer fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Account Documents and this Agreement and pay such amount and Customer shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Account Documents, and, upon such revocation, Customer shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Customer for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Customer interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Customer any interest or earnings on the Funds. Lender and Customer can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Customer, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Customer for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Customer as required by RESPA, and Customer shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Customer as required by RESPA, and Customer shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Account Documents, Lender shall promptly refund to Customer any Funds held by Lender.

7. Customer also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Customer's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Customer is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Customer waives any Timely Payment Rewards rate reduction to which Customer may have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

8. Customer understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Customer's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Customer and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Customer agrees to execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Account Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification.

In Witness Whereof, the Lender and I have executed this Agreement.

Green Tree Servicing LLC
Lender

By: _____
Date: 3-31-15

Paul Whitenight (Seal)
Customer
Date: 3/19/15

_____ (Seal)
Customer
Date: 3/19/15

Account#: 687047761

_____ [SPACE BELOW THIS LINE FOR ACKNOWLEDGEMENTS] _____

# Exhibit D



BRETT A. RADI
SOMERSET COUNTY CLERK
20 GROVE STREET
P.O. BOX 3000
SOMERVILLE, NJ 08876-1262

*********************************************************************************

| | |
|---|---|
| Recorded: | 05/28/2013 01:35:14 PM |
| Book: | OPR   6636   Page: 385-386 |
| Instrument No.: | 2013029463 |
| | ASSIGNM   2 PGS   $40.00 |

Recorder:   PREMPEH

*********************************************************************************

# DO NOT DISCARD

*2013029463*

```
BRETT A. RADI COUNTY CLERK
    SOMERSET COUNTY, NJ
  2013 MAY 28 01:35:14 PM
     BK:6636 PG:385-386
   INSTRUMENT # 2013029463
```

2013029463

This space for Recorder's use

Recording Requested By:
**Bank of America**
Prepared By:
**Noor Sadruddin**

16001 N. Dallas Pkwy
Addison, TX 75001

When recorded mail to:
**Green Tree Servicing LLC**
7360 South Kyrene Rd
Attention: Conversions Team T310
Tempe, AZ 85283

Property Address:
**116 S 21st Ave**
**Manville, NJ 08835-1646**
Property Location:
**Borough of MANVILLE**

5/13/2013

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **GREEN TREE SERVICING LLC** whose address is **7360 S. KYRENE ROAD, TEMPE, AZ 85283** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender: **BANK OF AMERICA, N.A.**
Borrower(s): **PAUL WHITENIGHT AND LYNN WHITENIGHT AND IRA WHITENIGHT**
Date of Mortgage: 3/2/2006
Original Loan Amount: $260,000.00

Recorded in **Somerset County, NJ** on: 3/10/2006, book OPR 5869, page 2895 and instrument number 2006015567

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
5-13-2013

Bank of America, N.A.

By: _Sothy Duch_
Sothy Duch
Assistant Vice President

State of TX, County of Dallas

On 05-13-13, before me, _Ihenata Nora Ordia_, a Notary Public, personally appeared _Sothy Duch_, Assistant Vice President of Bank of America, N.A. personally known to me to be the person(s) whose name(s) is/are subscribed to the within document and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the document the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Notary Public: _Ihenata Nora Ordia_
My Commission Expires: 10/28/14

IHENATA NORA ORDIA
Notary Public, State of Texas
My Commission Expires
October 28, 2014



Steve Peter

Somerset County Clerk

20 Grove Street

P.O. Box 3000

Somerville, NJ 08876

***

| | | |
|---|---|---|
| Date Recorded: | 9/21/2018 | 1:15:12 PM |
| Recorded By: | DELUCIA | |
| Book & Page: | OPR   7072 | 3607-3609 |
| Instrument No.: | 2018036134 | |
| Number of Pages: | 3 | |
| Document Type: | ASSIGNMENT OF MORTGAGE | |
| Recording Fee (inc all addtl charges): | $50.00 | |

***

# DO NOT DISCARD



# SOMERSET COUNTY
# DOCUMENT COVER SHEET

HON. STEVE PETER
SOMERSET COUNTY CLERK
PO BOX 3000
20 GROVE STREET
SOMERVILLE, NJ 08876

WWW.CO.SOMERSET.NJ.US



INSTRUMENT # 2018036134

BOOK: 7072   PAGE: 3607-3609

*(Official Use Only)*

| DATE OF DOCUMENT: 09/04/2018 | TYPE OF DOCUMENT: Assignment of Mortgage |
|---|---|
| FIRST PARTY (Grantor, Mortgagor, Seller or Assignor) | SECOND PARTY (Grantee, Mortgagee, Buyer, Assignee) |
| Ditech Financial LLC<br>Green Tree Servicing LLC<br>Mission Global LLC | MTGLQ Investors LP |
| ADDITIONAL PARTIES: | |
| Whitenight, Paul and Lynn<br>Bank of America NA | |

| THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY ||
|---|---|
| MUNICIPALITY: | MAILING ADDRESS OF GRANTEE: |
| BLOCK: | |
| LOT: | |
| CONSIDERATION: | |

| THE FOLLOWING SECTION IS FOR ORIGINAL MORTGAGE BOOKING & PAGING INFORMATION FOR ASSIGNMENTS, RELEASES, SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY ||||
|---|---|---|---|
| BOOK | PAGE | INSTRUMENT # | DOCUMENT TYPE |
| 5869 | 2895 | 2006015567 | Mortgage |

**DO NOT REMOVE THIS PAGE**
THIS DOCUMENT COVER SHEET IS PART OF THE SOMERSET COUNTY FILING RECORD
RETAIN THIS PAGE FOR FUTURE REFERENCE

Recording Requested By:
Mission Global LLC - FNMA

When Recorded Return To:

B. Ferrito
Mission Global LLC
5701 E. Hillsborough Ave
Ste 2327
Tampa, FL 33610

## CORPORATE ASSIGNMENT OF MORTGAGE

Somerset, New Jersey
Mission Global LLC - FNMA#: _____, "WHITENIGHT" Investor's Loan #: _____ New Servicer's #: ____

Date of Assignment: September 4th, 2018
Assignor: DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC BY MISSION GLOBAL, LLC ITS ATTORNEY-IN-FACT at 345 ST. PETER STREET, SUITE 500, SAINT PAUL, MN 55102
Assignee: MTGLQ INVESTORS, LP at 2001 ROSS AVENUE, SUITE 2800, DALLAS, TX 75201

Executed By: PAUL WHITENIGHT AND LYNN WHITENIGHT AND IRA WHITENIGHT To: BANK OF AMERICA, N.A.
Dated: 03-02-2006 Recorded: 03-10-2006 as Instrument No. 2006015567, Book/Reel/Liber 5869, Page/Folio 2895
In the County of Somerset, State of New Jersey.

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above named Assignee, the said Mortgage having an original principal sum of $260,000.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC BY MISSION GLOBAL, LLC ITS ATTORNEY-IN-FACT POA: 6/5/2018 in Book/Reel/Liber: 7047 Page/Folio: 402 Instrument No.: 2018020246
On September 4th, 2018

By: _____
Robert Backman, Jr., Vice President

STATE OF Florida
COUNTY OF HILLSBOROUGH

On September 4th, 2018, before me, Rina Abreu, a Notary Public in and for HILLSBOROUGH in the State of Florida, personally appeared Robert Backman, Jr., Vice President of DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC BY MISSION GLOBAL, LLC ITS ATTORNEY-IN-FACT, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
Rina Abreu
Notary Expires: 9/13/2021  #GG 142813

RINA ABREU
Notary Public - State of Florida
Commission # GG 142813
My Comm. Expires Sep 13, 2021
Bonded through National Notary Assn.



| SOMERSET COUNTY DOCUMENT COVER SHEET | Steve Peter, County Clerk  **Electronically Recorded Somerset County, NJ**  2019 Feb 20 01:44:48 PM  BK: 7101 PGS: 1227-1229  Instrument # 2019005947  Fee:  $60.00   Doc Type: ASSIGNM |
|---|---|
| HON. STEVE PETER  SOMERSET COUNTY CLERK  PO BOX 3000  20 GROVE STREET  SOMERVILLE, NJ 08876  WWW.CO.SOMERSET.NJ.US | *(Official Use Only)* |

| DATE OF DOCUMENT: 2019-02-20 | TYPE OF DOCUMENT: ASSIGNMENT OF MORTGAGE |
|---|---|
| FIRST PARTY *(Grantor, Mortgagor, Seller or Assignor)* | SECOND PARTY *(Grantee, Mortgagee, Buyer, Assignee)* |
| PAUL WHITENIGHT | U.S. BANK TRUST NATIONAL ASSOCIATION |
| ADDITIONAL PARTIES: | |
| LYNN WHITENIGHT; IRA WHITENIGHT; MTGLQ INVESTORS, L.P.; THE CHALET SERIES III TRUST | |

| THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY | |
|---|---|
| MUNICIPALITY: Manville | MAILING ADDRESS OF GRANTEE: |
| BLOCK: | |
| LOT: | |
| CONSIDERATION: | |

THE FOLLOWING SECTION IS FOR ORIGINAL MORTGAGE BOOKING & PAGING INFORMATION FOR ASSIGNMENTS, RELEASES, SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY

| BOOK | PAGE | INSTRUMENT # | DOCUMENT TYPE |
|---|---|---|---|
| 5869 | 2895 | 2006015567 | ASSIGNMENT OF MORTGAGE |

**DO NOT REMOVE THIS PAGE**
THIS DOCUMENT COVER SHEET IS PART OF THE SOMERSET COUNTY FILING RECORD
RETAIN THIS PAGE FOR FUTURE REFERENCE

Prepared By and Return To:
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

Space above for Recorder's use

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **MTGLQ INVESTORS, L.P.**, whose address is **2001 ROSS AVENUE SUITE 2800, DALLAS, TEXAS 75201**, (ASSIGNOR), does hereby grant, assign and transfer to **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES III TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: **3/2/2006**
Original Loan Amount: **$260,000.00**
Executed by (Borrower(s)): **PAUL WHITENIGHT & LYNN WHITENIGHT & IRA WHITENIGHT**
Original Lender: **BANK OF AMERICA, N.A.**
Filed of Record: In Mortgage Book/Liber/Volume **5869**, Page **2895**,
Document/Instrument No: **2006015567** in the Recording District of **SOMERSET, NJ**, Recorded on **3/10/2006**.
**MUNICIPALITY: BOROUGH OF MANVILLE**

Property more commonly described as: **116 SOUTH 21ST STREET, MANVILLE, NEW JERSEY 08835**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **JAN 0 3 2019**

MTGLQ INVESTORS, L.P.

By: **STAN NIECE**
Title: **VICE PRESIDENT**

Witness Name: Brad Razzano

> A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of **TEXAS**
County of **DALLAS**

On **JAN 0 3 2019**, before me, **E'meraude A. Rash**, a Notary Public, personally appeared STAN NIECE, VICE PRESIDENT of/for MTGLQ INVESTORS, L.P., personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **TEXAS** that the foregoing paragraph is true and correct. I further certify STAN NIECE, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

_____
(Notary Name): **E'meraude A. Rash**
My commission expires: **NOV 1 0 2019**

E'MERAUDE A. RASH
Notary Public State of Texas
My Commission # 130444321
My Comm. Exp. November 16, 2019

Prepared By and Return To:
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

Space above for Recorder's use

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF CHALET SERIES III TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNOR), does hereby grant, assign and transfer to **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CABANA SERIES III TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: 3/2/2006
Original Loan Amount: $260,000.00
Executed by (Borrower(s)): **PAUL WHITENIGHT & LYNN WHITENIGHT & IRA WHITENIGHT**
Original Lender: **BANK OF AMERICA, N.A.**
Filed of Record:  In Mortgage Book/Liber/Volume 5869, Page 2895,
Document/Instrument No: 2006015567 in the Recording District of **SOMERSET, NJ**, Recorded on **3/10/2006**.
**MUNICIPALITY: BOROUGH OF MANVILLE**

Property more commonly described as: **116 SOUTH 21ST STREET, MANVILLE, NEW JERSEY 08835**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **MAR 0 7 2019**

**US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF CHALET SERIES III TRUST, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY-IN-FACT**

BY: **BRENDA DUTENHAVER**
Title: **VICE PRESIDENT**

Witness Name: **JASON MURCH**

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of **FLORIDA**
County of **PINELLAS**

On **MAR 0 7 2019**, before me, LAUREEN K PRESCOTT, a Notary Public, personally appeared **BRENDA DUTENHAVER, VICE PRESIDENT** of/for **MERIDIAN ASSET SERVICES, LLC, AS ATTORNEY-IN-FACT FOR US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF CHALET SERIES III TRUST**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify BRENDA DUTENHAVER, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

*/s/ Laureen K Prescott/*

(Notary Name): LAUREEN K PRESCOTT
My commission expires: 1/29/2022

LAUREEN K PRESCOTT
Commission # GG 180372
Expires January 29, 2022
Bonded Thru Budget Notary Services

# Exhibit E

Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorneys for BSI Financial Services as servicer for U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X

IN RE:

Paul J. Whitenight and Lynn M. Whitenight,

Debtors

CASE NO.: 17-21126-MBK

CHAPTER: 13

HON. JUDGE.:
Michael B. Kaplan

HEARING DATE:

-----------------------------------------------------------------X

**CERTIFICATION RE POST-PETITION PAYMENT HISTORY ON THE NOTE AND MORTGAGE DATED MARCH 02, 2006**

RAYMOND VALDERRAMA JR of full age, employed as ASST VICE PRESIDENT by BSI Financial Services as servicer for U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust, hereby certifies the following information:

Property Address: 116 South 21st Street, Manville, NJ 08835

Mortgage Holder: U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust

Mortgagors/Debtors: Paul J. Whitenight, Lynn M. Whitenight, and Ira Whitenight

POST-PETITION PAYMENTS (Post Petition Filed May 30, 2017)

| Amount Due | Due Date | Mo/Yr Payment Applied | Amount Received | Date of Payment | Running Suspense |
|---|---|---|---|---|---|
| $2,631.94 | 03/01/2020 | 03/2020 | $0.00 | | $0.00 |
| $2,631.94 | 04/01/2020 | 04/2020 | $0.00 | | $0.00 |
| $2,631.94 | 05/01/2020 | 05/2020 | $0.00 | | $0.00 |
| $2,631.94 | 06/01/2020 | 06/2020 | $0.00 | | $0.00 |
| Total: $10,527.76 | | | | | |

Monthly payments past due: **4** mos. x **$2,631.94** (Monthly Payments) - **$0.00** (Suspense) = **$10,527.76** as of **June 1, 2020.**

Effective current monthly payment is comprised of:

    Principal & Interest  $1,475.40
    Escrow  $1,156.54
    Late Charge  $0.00
    Other  $0.00
    TOTAL  $2,631.94

If the monthly payment has changed during the pendency of the case, please explain (attach separate sheet(s) if necessary): N/A

Pre-petition arrears: N/A

I certify under penalty of perjury that the foregoing is true and correct.

06/30/2020
Date